UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00141-GNS-HBB

JIMMY LECROY                                                                                                PLAINTIFF

v.

AZARIA ALLURE et al.                                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss (DN 36, 37) and Defendants' Motion to Dismiss and/or Motion for Summary Judgment (DN 58). The motions are ripe for adjudication.

### I.    BACKGROUND

On October 7, 2019, Plaintiff Jimmy LeCroy ("LeCroy") was in federal custody when he was injured in an accident while being transported in a van owned by Defendant US Corrections, LLC ("US Corrections") and driven by Defendant Azaria Allure ("Allure").[1]  (Am. Compl. ¶¶ IV, VII). LeCroy alleges that Allure negligently and carelessly operated the van, which caused the van to slide off an embankment and overturn, resulting in his injuries.  (Am. Compl. ¶ V).  LeCroy asserts that US Correction is liable for Allure's actions on the day of the accident because, *inter alia*, it failed to properly supervise, train, and instruct Allure and that it failed to "hire safe and qualified drivers who obey laws, rules and regulations pertaining to the safety of others using the roadways, including [LeCroy]."  (Am. Compl. ¶¶ VI-VII, IX).

---

[1] When the lawsuit was initially filed, LeCroy misidentified the driver.  (Compl. ¶¶ II, IV, DN 1-1). In the Amended Complaint, LeCroy identified the driver as Allure.  (Am. Compl. ¶¶ II, IV, DN 1-1).

LeCroy filed an action in Hart Circuit Court (Kentucky) relating to his accident and asserted claims for negligence, gross negligence, and punitive damages.[2]  (Compl. ¶¶ X-XII).  Defendants removed the matter to this Court.  (Notice Removal, DN 1).  Since the case was filed, LeCroy's counsel has withdrawn, and he is proceeding *pro se*.  (Order, DN 33; Order, DN 34; Order, DN 52).

Defendants have repeatedly moved to dismiss the case pursuant to Fed. R. Civ. P. 41(b). (Defs.' Mot. Dismiss, DN 36; Defs.' Mot. Dismiss, DN 37).[3]  Most recently, Defendants moved to dismiss pursuant to Fed. R. Civ. P. 41(b) or, alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56.  (Defs.' Renewed Mot. Dismiss & Mot. Summ. J., DN 58).

## II.     JURISDICTION

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . the citizens of different States."  28 U.S.C. § 1332(a)(1).

## III.     DISCUSSION

In the most recent motion, Defendants move to dismiss due to LeCroy's failure to prosecute his claims pursuant to Fed. R. Civ. P. 41(b) and/or for summary judgment due to his failure to deny the requests for admissions pursuant to Fed. R. Civ. P. 36(a)(3).  (Defs.' Renewed Mot. Dismiss & Mot. Summ. J. 4-8).

---

[2] Punitive damages, however, is a remedy, not a cause of action.  *See Rapier v. Coloplast Corp.*, No. 3:20-CV-00405-GNS-RSE, 2022 WL 828949, at *5 (W.D. Ky. Mar. 18, 2022) ("[A] claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." (quoting *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378-79 (W.D. Ky. 2012))). In the Amended Complaint, LeCroy asserts the same claims against Allure and US Corrections (collectively "Defendants").  (Am. Comp. ¶¶ X-XI).

[3] Due to the order entered on November 14, 2023, these motions are denied as moot.  (Order, DN 52).

A.    **<u>Failure to Prosecute</u>**

First, Defendants contend that the Court should dismiss LeCroy's claim pursuant to Fed. R. Civ. P. 41(b). (Defs.' Renewed Mot. Dismiss & Mot. Summ. J. 4-6). In relevant part, the rule provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In determining whether to dismiss a matter on this basis, a court must consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the [] party's conduct; (3) whether the [] party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)).

The first factor "a clear record of delay or contumacious conduct." *Id.* (quoting *Feeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). LeCroy's counsel was permitted to withdraw on July 21, 2023—just after the fact discovery deadline. (Order, DN 33; Order, DN 34; Order, DN 52). LeCroy has proceeded *pro se* and has not complied with the expert deadlines. Defendants, however, did not file any motion to compel, and LeCroy has been making filings *pro se*. Taken as a whole, the record does not reflect an intent to thwart this proceeding. Thus, this factor does not favor dismissal.

The second factor involves considering whether Defendants have been prejudiced by LeCroy's conduct. *See Carpenter*, 723 F.3d at 704 (citation omitted). While it is true that LeCroy did not disclose any expert witness by September 1, 2023, that failure did not necessarily preclude Defendants from making their own disclosure or conducting their own discovery by the discovery deadlines. Thus, this factor does not support dismissal.

The third factor is whether LeCroy has been warned of the consequences of his failure to cooperate. *See Carpenter*, 723 F.3d at 704 (citation omitted). The Court has warned LeCroy of the consequences of failing to comply with Court's orders and deadlines. As noted above, however, LeCroy has not abandoned his case, so this factor does not support dismissal as a sanction.

The final factor is whether the Court considered or imposed less dramatic remedies before dismissal for lack of prosecution. *See Carpenter*, 723 F.3d at 704 (citation omitted). In light of LeCroy's expressed intent in continue to pursue his claims and his active participation in this case, dismissal pursuant to Fed. R. Civ. P. 41(b) is not an appropriate remedy in place of a trial on the merits.

When these factors are considered, they do not weigh in favor of dismissal pursuant to Fed. R. Civ. P. 41(b). Defendants' motion is denied on this basis.

B. **Requests for Admissions**

Alternatively, Defendants seek summary judgment. (Defs.' Renewed Mot. Dismiss & Mot. Summ. J. 6-8). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party moving for summary judgment may satisfy its burden [of showing] that there are no genuine issues of material fact simply 'by pointing out to the court that the [non-moving party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.'" *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Similarly, the movant may meet its burden by offering evidence negating an essential element of the non-moving party's claim. *See Dixon v. United States*, 178 F.3d 1294, 1999 WL 196498, at *3 (6th Cir. 1999).

After the movant either shows "that there is an absence of evidence to support the nonmoving party's case," or affirmatively negates an essential element of the non-moving party's claims, the non-moving party must identify admissible evidence that creates a dispute of fact for trial. *Celotex*

4

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). While the Court must view the evidence in a light most favorable to the non-moving party, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] [] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

In moving for summary judgment, Defendants contend that they are entitled to judgment in their favor due to LeCroy's failure to timely respond to their requests for admissions.[4] (Defs.' Renewed Mot. Dismiss & Mot. Summ. J. 6-8). While Defendants are critical of LeCroy's compliance with deadlines, Defendants fail to acknowledge the untimeliness of their own discovery requests relied upon in seeking summary judgment. As Defendants note, fact discovery was due by July 17, 2023, yet Defendants did not serve their requests for admissions upon LeCroy until August 25, 2023—more than a month after fact discovery had closed. (Order, DN 29; Order, DN 52; Defs.' Renewed Mot. Dismiss & Mot. Summ. J. Ex. A, at 5). Because Defendants' sole basis for seeking summary judgment is LeCroy's failure to timely respond to the requests for admissions which were served outside of the fact discovery period, Defendant's summary judgment motion is also denied. *See Freeman v. City of Detroit*, 274 F.R.D. 610, 613 (E.D. Mich. 2011) ("[R]equests for admission are subject to the deadlines set by the Court in its Scheduling Orders."); *see also Sullivan v. Family Dollar Stores, Inc.*, No. 3:19-CV-00846-DJH, 2021 WL 6882418, at *2 (W.D. Ky. Oct. 7, 2021) ("District Courts within the Sixth Circuit have interpreted [the] [discovery rules] to require that, when a court-ordered discovery deadline is in place, discovery requests 'must be served at least thirty

---

[4] Defendants' six requests for admissions were combined with six interrogatories. (Defs.' Renewed Mot. Dismiss & Mot. Summ. J. Ex. A, at 1-4, DN 58-1).

5

days prior to a completion of discovery deadline.'" (quoting *Arnott v. Ashland Hosp. Corp.*, No. 0:15-cv-0032-DLB, 2016 WL 7974071, at *1 (E.D. Ky. Apr. 14, 2016))).

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motions to Dismiss (DN 36, 37) are **DENIED AS MOOT**.

2. Defendants' Motion to Dismiss and/or Motion for Summary Judgment (DN 58) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

April 3, 2024

cc: counsel of record
Jimmy LeCroy, *pro se*, 3202 Richeytown Rd., Eastaboga, AL  36260