UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00141-GNS-HBB

JIMMY LECROY                                                                                          PLAINTIFF

v.

US CORRECTIONS, LLC et al.                                                                  DEFENDANTS

## ORDER

On June 18, 2024, the Court ordered Plaintiff to show cause why this matter should not be dismissed for lack of prosecution after he failed to participate in a telephonic conference on June 17, 2024. (Order, DN 69). No response to that order has been filed.

Fed. R. Civ. P. 41(b) authorizes the involuntary dismissal of a lawsuit if a plaintiff fails to prosecute or comply with a court order. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980))). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication like formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons— particularly when there is a pattern of delay or failure to pursue a case. *See id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link*, 370 U.S. at 630-31).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's lack of prosecution of this matter. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

July 16, 2024

cc: counsel of record
Plaintiff, *pro se*